MARGARET E. McKINNEY v. EPHRIAM H. JONES ET AL.

*Settlement—Fraud—Consideration.*

This case involves the question of fraud in obtaining an assignment of a mortgage in settlement of a *capias* suit commenced by the mortgagor to recover damages for false representations made to him by the mortgagee's (defendant's) agent on an exchange of lands by the parties. And it is held that the testimony shows that the *capias* suit was instituted in good faith, and that the defendant has not established his claim of fraud in its settlement by a preponderance of proof, while complain-

ant has produced testimony which, if believed, substantiates the claim as to the false representations complained of, and that the settlement of such disputed claim was a good consideration for the assignment of the mortgage.

Appeal from Shiawassee. (Newton, J.) Argued November 6, 1891. Decided December 21, 1891.

Bill to foreclose a mortgage. Defendant Jones appeals. Affirmed. The facts are stated in the opinion.

*A. L. Chandler* (*Cahill & Ostrander*, of counsel), for complainant.

*Watson & Chapman*, for appellant, contended:

1. An innocent vendor cannot be sued in tort for the fraud of his agent in effecting a sale. In such a case the vendee may rescind the contract and reclaim the money paid, and, if not repaid, may sue the vendor in *assumpsit* for it, or he may sue the agent for deceit; citing *Kennedy v. McKay*, 43 N. J. Law, 288 (39 Amer. Rep. 581).

*Walter McBride*, of counsel, for appellant.

CHAMPLIN, C. J. The bill of complaint is filed to foreclose a mortgage executed by John McKinney and Maggie E. McKinney (the complainant) to Ephriam H. Jones, to secure the payment of $2,000 in four equal annual payments of $500, represented by promissory notes of those amounts. The notes and mortgage bear date the 12th day of September, 1888. This mortgage was assigned to complainant on the 12th day of June, 1889. The main controversy in the case is over the assignment. The defendant claims it was obtained from him by false representations and fraud.

In 1888 defendant Ephriam H. Jones was the owner of a foundry, planing-mill, and feed-mill situated at Vernon, Shiawassee county, in this State, and his son-in-law, Charles Garner, was a broker in Chicago. Jones had placed this property in Garner's hands for sale. John

McKinney was a moulder by occupation, and owned a farm and village property in and near Oxford, in Wisconsin, which he had placed with òne Perry in Chicago for disposition. Through these brokers an exchange was effected by which McKinney exchanged his Wisconsin property, including certain personal property valued by him at $1,000, but which realized upon sale a much less sum, for the Vernon property, including the personal property used in carrying it on, and material then on hand; and in the trade McKinney was to and did execute to Jones the mortgage for $2,000 above mentioned. Afterwards, in June, 1889, McKinney, deeming himself defrauded in the transaction, tendered to Jones a deed of the foundry property, and demanded a deed cf the Oxford property, which Jones declined to give. He then commenced a suit aga nst Jones by *capias* in the circuit court for the county of Shiawassee, based upon false representations made to McKinney by Garner when at Oxford to induce the exchange. These representations are set out in the affidavit, which relies upon oral statements made to McKinney at Oxford at the time Garner obtained the deed of the Oxford property to Jones. The writ was placed in the hands of the sheriff, who notified Jones that he had such writ, and wished him to get the bail-bond. Jones requested a short time to consider, and through the mediation of his son William, acting for him, and Albert L. Chandler, attorney for McKinney, acting for him, the matter was finally settled by Jones executing an assignment of the mortgage, and indorsing the notes wiihout recourse, to complainant, who is the wife of John McKinney; McKinney, at the same time, executing and delivering to Jones a deed of the Vernon property, and giving to him all the personal property connected therewith, and some plow-points then on hand, and the suit was dropped. The note falling due Septem-

ber 12, 1889, not having been paid, this suit was brought in October to foreclose the mortgage.

The misrepresentation relied on to defeat the settlement is that Chandler claimed that he had in his possession letters written by Garner to McKinney representing that the foundry was being operated by Jones, and cleared annually $2,000 net, and which letters he agreed to surrender if the case was settled; that he had not surrendered such letters, and no such letters had in fact been written by Garner; that the claim that he held these letters was the main inducement to the settlement.

Ephriam H. Jones and his son William both testified that they did not believe that Garner had written any such letters, and they did not believe that Chandler could produce them. The negotiations for a settlement were in progress nearly a week, and they could have easily communicated with Garner in Chicago, and ascertained the facts, but they claimed they did not. The affidavit does not claim such representation to have been made by letter, but by parol. The defendant Jones, in addition to advising with his son, also advised with others about the matter before he settled, and could have taken the advice of counselors learned in the law. Full opportunity was allowed h m, and the papers executed on the settlement were drawn by a justice of his own choice. He received a conveyance of the property, and went into possession of the real and personal property, and disposed of some of the personalty. He has never tendered back a deed of it, nor offered to pay for the property converted. From the testimony the property is worth from $2,000 to $2,500, and he indorsed the notes without recourse, so that he is not individually liable thereon.

The testimony shows that the suit was instituted in good faith, and not for the purpose of defrauding or

extorting money from him; and we do not think Jones has made out a case by preponderance of proof which shows that he was defrauded in the settlement, or was induced to make the assignment by false representations. The complainant certainly produced testimony upon the hearing which, if believed, substantiated the claim that Garner did make the representation concerning the earnings of the property attributed to him; and settlement of the disputed claim is certainly a good consideration.

The decree appealed from will be affirmed, with costs.

MORSE, LONG, and GRANT, JJ., concurred. McGRATH, J., did not sit.